IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON K. DEFRANCIA | ) Cr. No. 12-00252 JMS |
| | ) Civ. No. 16-00374 JMS-RLP |
| Defendant/Petitioner, | ) |
| | ) ORDER CONSTRUING PETITION |
| vs. | ) UNDER 28 U.S.C. § 2255 AS A § 2241 |
| | ) PETITION, AND TRANSFERRING |
| UNITED STATES OF AMERICA, | ) TO THE CENTRAL DISTRICT OF |
| | ) CALIFORNIA |
| Plaintiff/Respondent. | ) |
| _____ | ) |

## ORDER CONSTRUING PETITION UNDER 28 U.S.C. § 2255 AS A § 2241 PETITION, AND TRANSFERRING TO THE CENTRAL DISTRICT OF CALIFORNIA

### I.  INTRODUCTION

Defendant/Petitioner Jason K. Defrancia ("Defrancia") has filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody (the "Petition").  Because the court construes the Petition as one brought under 28 U.S.C. § 2241 and not § 2255, and because Defrancia is presently incarcerated at Terminal Island FCI located in San Pedro California, the court transfers the Petition to the Central District of California.

### II.  BACKGROUND

The Petition arises from Defrancia's September 11, 2012 guilty plea to a single count Indictment charging him with knowingly and intentionally

possessing with intent to distribute 50 grams or more of methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  ECF No. 30.[1]  On February 22,

2013, the court sentenced Defrancia to 120-months incarceration, to be followed

by five years of supervised release.  ECF No. 46.  Judgment was entered on

February 27, 2013.  ECF No. 47.  Defrancia filed a notice of appeal on March 8,

2013, and the Ninth Circuit granted Defrancia's voluntary dismissal of the appeal,

and issued its mandate, by Order dated April 17, 2013.  ECF Nos. 50, 57.[2]

Defrancia, however, did not place the Petition in the prison mail until June 28,

2016 -- over three years after § 2255(f)'s one-year statute of limitations expired.

ECF No. 58-1.

          In apparent recognition of the potential time bar, Defrancia argues a

claim of actual innocence.  ECF No. 58.  As a result, the court directed the United

States to limit its response to address whether Defrancia makes the necessary

showing of actual innocence.  ECF No. 61.  The United States filed its Response

on July 14, 2016, and Defrancia filed a Reply on September 20, 2016.  ECF Nos.

62, 66.

---

[1]  References to "ECF" relate to Cr. No. 12-00252 JMS.

[2]  Defrancia signed a "Consent to Dismissal of Appeal" on April 9, 2013, stating that he "hereby consents to the dismissal of the above-captioned appeal, and gives counsel the authority to file a withdrawal of dismissal thereof in the instant case."  Def.'s Mot. to Dismiss, *United States v. Defrancia*, No. 13-10120 (9th Cir. Apr. 16, 2013), ECF No. 5, at 5.

After careful review, the court determines that the Petition is time-

barred under § 2255(f), construes Defrancia's "actual innocence" claim as one

brought under § 2241, and transfers the Petition to the Central District of

California.

## III.  <u>ANALYSIS</u>

**A.     The Petition is Time-Barred Under § 2255(f)**

A one-year statute of limitations applies to § 2255 motions, which

runs from the latest of:

> (1) the date on which the judgment of conviction
> becomes final;
> (2) the date on which the impediment to making a
> motion created by governmental action in violation of
> the Constitution or laws of the United States is removed,
> if the movant was prevented from making a motion by
> such governmental action;
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255(f).   The June 28, 2016 Petition is not timely under § 2255(f)(1),

and Defrancia makes no argument for the application of §§ 2255(f)(2)-(4).

In his Reply, for the first time, Defrancia suggests that equitable tolling may apply.  "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time [and those] extraordinary circumstances [are] the cause of [the] untimeliness."  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation signals and citation omitted).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Defrancia has shown neither that he has been pursuing his rights diligently, nor that some extraordinary circumstances stood in his way.  He voluntarily dismissed his appeal in mid-April 2013, but took no action until the filing of the Petition over three years later.  Although he claims that he did not have a copy of his file, he presents no evidence that he attempted to obtain the file or otherwise gather the information necessary to file a Petition.  Simply put, Defrancia has not shown that he was diligent, and nothing extraordinary stood in his way of filing a timely Petition.

## B.    An "Actual Innocence" Claim Falls Under 28 U.S.C. § 2241

Apparently recognizing that his § 2255 Motion is otherwise time-barred, Defrancia claims "actual innocence."  And by bringing a claim of actual

4

innocence, Defrancia invokes a "savings clause" or "escape hatch" in § 2255(e),[3] thus converting the Petition to one arising under 28 U.S.C. § 2241, not 28 U.S.C. § 2255.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citation omitted). Under the "escape hatch" of § 2255(e), however, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (internal quotation marks omitted). A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and

---

[3] Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

(Emphasis added).

(2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at

898 (internal quotation marks omitted).

So understood, the court must construe Defrancia's Petition as

brought under § 2241. But as a § 2241 Petition, this court lacks jurisdiction -- the

Petition "must be filed in the district where the petitioner is in custody." *Stephens*,

464 F.3d at 897; *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) (stating that

"§ 2241 petitions must be filed in the district where the petitioner is confined,

while § 2255 motions must be filed in the district where the petitioner was

sentenced"). And Defrancia is currently in custody at Terminal Island FCI,

located in the Central District of California. *See* Federal Bureau of Prisons,

Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed October 6, 2016)

(indicating Defendant is currently located at Terminal Island FCI, with a release

date of December 17, 2021). Likewise, Defrancia's Petition lists a return address

at Terminal Island FCI. ECF No. 58. As a result, this court lacks jurisdiction over

the Petition.

Because this court lacks jurisdiction over Defrancia's § 2241 Petition,

under 28 U.S.C. § 1631, "the court shall transfer the action to any other such court

in which the action could have been brought 'if it is in the interest of justice.'"

*Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990).  Here, the court finds it in the interests of justice to transfer the Petition to the court with jurisdiction, the Central District of California.[4]

## IV.  CONCLUSION

Because the court construes Defrancia's Petition as one brought under § 2241, and because this court lacks jurisdiction over the Petition, the court orders the Clerk of Court to TRANSFER the Petition to the Central District of California.[5]

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 6, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Defrancia v. United States*, Cr. No. 12-00252 JMS & Civ. No. 16-00374 JMS-RLP; Order Construing Petition under 28 U.S.C. § 2255 as a § 2241 Petition, and Transferring to the Central District of California

---

[4]  The court makes no determination as to the merits of the Petition, including whether Defrancia has made any showing of actual innocence.

[5]  To the extent the court rules that Defrancia's Petition is time-barred under 28 U.S.C. § 2255(f), the court the court finds that reasonable jurists would not find the court's rulings debatable.  Accordingly, a Certificate of Appeal is DENIED.