IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON K. DEFRANCIA | )  Cr. No.  12-00252 JMS |
| | )  Civ. No. 16-00374 JMS-RLP |
| Defendant/Petitioner, | ) |
| | )  ORDER DISMISSING SECTION |
| vs. | )  2255 PETITION |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent. | ) |
| _____ | ) |

## ORDER DISMISSING SECTION 2255 PETITION

## I.  INTRODUCTION

Defendant/Petitioner Jason K. Defrancia ("Defrancia") filed a July 1,
2016 Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence
By a Person in Federal Custody (the "Petition").  ECF No. 58.[1]  The court
previously determined that the Petition was time-barred under § 2255(f), construed
the Petition as a § 2241 Petition based on Defrancia's claim of actual innocence,
and transferred the action to the Central District of California, where Defrancia
resided.  *See Defrancia v. United States*, 2016 WL 5868068 (D. Haw. Oct. 6,
2016); ECF No. 67.  The district court in the Central District of California, in turn,
transferred the action back to this court.  ECF No. 69.

_____

[1] References to "ECF No." relate to Cr. No. 12-00252 JMS.

The sole remaining issue before the court is whether Defrancia has made the necessary showing of "actual innocence" under § 2255(e)'s escape hatch to avoid the statute of limitations bar (and thus to proceed under § 2241 instead of § 2255). The court concludes that Defrancia has failed to do so, and thus dismisses the Petition.

## II. <u>BACKGROUND</u>

On September 11, 2012, Defrancia pled guilty to a single count Indictment charging him with knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 30. On February 22, 2013, the court sentenced Defrancia to 120-months incarceration, to be followed by five years of supervised release.[2] ECF No. 46. Judgment was entered on February 27, 2013. ECF No. 47. Defrancia filed a Notice of Appeal on March 8, 2013, and the Ninth Circuit granted Defrancia's Motion to Dismiss Appeal and issued its mandate by Order dated April 17, 2013. ECF Nos. 50, 57.[3] Defrancia, however, did not file

---

[2] Defrancia was sentenced to the mandatory minimum sentence of ten years; based on an offense level 31 and criminal history category III, his guideline range was 135 to 168 months. Presentence Investigation Report ("PSR") at ¶¶ 55-56, ECF No. 48. That is, the court varied downward to the mandatory minimum sentence.

[3] Defrancia signed a "Consent to Dismissal of Appeal" on April 9, 2013, stating that he "hereby consents to the dismissal of the above-captioned appeal, and gives counsel the authority

(continued...)

the Petition until July 1, 2016 -- over three years after § 2255(f)'s one-year statute of limitations expired.[4]  ECF No. 58-1.

In apparent recognition of the potential time bar, Defrancia argues a claim of actual innocence.  Petition at 4; Pet'r's Supp. Mem. at 3-4, ECF No. 59. As a result, the court directed the United States to limit its response to address whether Defrancia made the necessary showing of actual innocence.  ECF No. 61. The United States filed its Response on July 14, 2016, and Defrancia filed a Reply on September 20, 2016.  ECF Nos. 62, 66.  And after review, the court determined that the Petition was time-barred under § 2255(f), construed Defrancia's "actual innocence" claim as one brought under § 2241, and transferred the Petition to the Central District of California, where he resided.  *Defrancia*, 2016 WL 5868068, at *1.

But the Central District of California believed the Petition was improperly transferred (a decision that this court does not address), and thus sent

---

[3](...continued)
to file a withdrawal of dismissal thereof in the instant case."  Def.'s Mot. to Dismiss, *United States v. Defrancia*, No. 13-10120 (9th Cir. Apr. 16, 2013), ECF No. 5, at 5.  In support of the Motion to Dismiss, Defrancia's counsel informed the Ninth Circuit that, because the court sentenced Defrancia to the mandatory minimum sentence, there was no "good faith basis" to appeal.  *Id.* at 4.

[4] Under the prison mailbox rule, the Petition is deemed filed on June 28, 2016, the date it was placed in the prison mail.

the action back to the District of Hawaii. ECF No. 69. This court then permitted the parties to file supplemental briefing on the actual innocence question. ECF No. 71. On January 30, 2017, Defrancia filed a "Motion to Oppose Further Briefing Pursuant to Federal Rule of Appellate Procedure 27(a)(1)" and on February 6, 2017, the United States filed a supplemental response. ECF Nos. 72, 73.

## III. **DISCUSSION**

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citation omitted). But under the "escape hatch" of § 2255(e), a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. (internal quotation marks omitted). A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id*. at 898 (internal quotation marks omitted).

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614[, 623], 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)." *Stephens*, 464 F.3d at 898. And actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Thus, "[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citing *Reyes Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

## A. Defrancia Had an Unobstructed Procedural Shot at Presenting His Claims

To support his claim of actual innocence, Defrancia makes several claims. In summary, he argues that:

• The government used a confidential informant (CI) to target him, the government failed to disclose that the CI was in the United States illegally, and his conviction was based "on the testimony of [the CI], without any other evidence." Pet'r's Supp. Mem. at 4-5.

• The search warrant executed on a locker at Defrancia's workplace violated his Fourth Amendment rights and was otherwise defective. *Id.* at 5-13.

• There was a lack of evidence linking Defrancia to the pail (i.e., a bucket) located in his locker (which was determined to contain 411 grams of methamphetamine). *Id.* at 13.

• His counsel "violated every conceivable issue ever addressed under the Sixth Amendment," including failing to seek discovery, challenge the search warrant, investigate the CI, permit the government to constructively amend the indictment to charge a ten-year mandatory minimum, and schedule a change of plea without Defrancia's knowledge or consent. *Id.* at 13-14.

> "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."

*Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation marks and citation omitted). And in making this determination, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)).

Defrancia has failed to establish that he has not had an "unobstructed procedural shot" at presenting his claim -- he could have done so in a timely § 2255 petition, but simply did not. *See Henricks v. Ives*, 588 F. App'x 574, 574 (9th Cir. 2014) (Mem.) ("Henricks cannot establish that he has not had an 'unobstructed procedural shot' at presenting this claim because he could have raised it in a timely section 2255 motion."); *Cradle*, 290 F.3d at 539 (explaining that Section 2255 is not inadequate or ineffective, however, merely because the prisoner has failed to file his § 2255 motion within the one-year statute of limitations period); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("[T]he § 2255 remedy is . . . not undermined simply because [the defendant] has allowed the one-year statute of limitations to expire."); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (same); *Blanche v. United States*, 2015 WL 391724, at *3 (C.D. Cal. Jan. 27, 2015) (same and collecting cases).

The various claims that Defrancia now raises could have been -- but were not -- raised in a timely § 2255 petition. He thus has failed to establish that he has not had an "unobstructed procedural shot" at presenting his claims in a timely filed § 2255 petition. And as a result, he cannot invoke the escape hatch to bring a § 2241 petition.

## B.  Defrancia Has Failed to Show Actual Innocence

But even if Defrancia could show that he was denied an unobstructed procedural shot at raising his claims, he has failed to show actual innocence.  That is, he has failed to show that, in light of all the evidence, he was convicted for conduct not prohibited by law or that he is factually innocent.  And to be clear, this is not a case where a change in the law or newly discovered evidence raises questions of guilt.

Most importantly, Petitioner's claim of actual innocence is fully inconsistent with his plea of guilty, which is entitled to a strong presumption of truth.  See *Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his claim of actual innocence was belied by his guilty plea); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

During his guilty plea proceeding, Defrancia stated under oath that it was his intention to enter a plea of guilty,[5] that he was satisfied with his counsel, and that he was pleading guilty of his own free will because he was guilty. Tr. at 2-4, ECF No. 68. He then admitted that on March 6, 2012, he knowingly possessed over fifty grams of methamphetamine with the intent to distribute to another person. *Id*. at 10.

The government then provided a proffer of the evidence it would present if the case went to trial: law enforcement learned that Defrancia was involved in trafficking methamphetamine and that he was employed at Borthwick Norman's Mortuary on Maui. *Id*. at 12. With the permission of the mortuary's owner, authorities searched the premise and found a storage locker to which Defrancia and others had access. *Id.* On March 6, 2012, after a police dog alerted on a plastic pail in that area, a search warrant was obtained for the pail. *Id.* The search disclosed what was later determined by a DEA lab to be approximately 397 grams of pure methamphetamine. *Id.* The majority of the methamphetamine was replaced with pseudo-methamphetamine, and the pail was left in the locker. *Id.*

---

[5] Defrancia claims that a transcript of the change of plea proceeding "would have supported the Petitioner's claim that his Counsel, without his consent, scheduled this hearing to unilaterally change his plea; and in fact the Petitioner clearly wanted to go to trial." Reply at 8. Based on this allegation, the court ordered a copy of the transcript. ECF No. 68. And in fact, the opposite is true -- Defrancia never expressed any concern about entering a plea of guilty, but instead entered a knowing and voluntary plea. *Id.*

Later that day, Defrancia was notified that someone had broken into the locker. *Id.*

On March 7, he came to work, removed the pail from the locker, took some plastic wrapping out of the pail, placed it in the trash, and then placed the pail in his vehicle. *Id.* at 12-13. The court then asked Defrancia if he had "any reason to disagree with any of the proffered statement[s] by the U.S. Attorney," to which he stated, "No, sir." *Id.* at 13.[6]

Given these representations, Defrancia cannot meet his burden to demonstrate actual innocence. He admitted guilt, and cannot so easily now ask for a do-over, making claims fully inconsistent with his under-oath statements to the court. Buyer's remorse doesn't equate to actual innocence.

And many of Defrancia's claims are simply false. For instance, his statement that "[t]here was no evidence linking the Petitioner to the bucket," Pet'r's Supp. Mem. at 13, is demonstrably false. Under oath, Defrancia admitted that, after search of the pail by law enforcement, he "remov[ed] the pale (sic) from the locker, [took] some plastic wrapping out of the pale (sic), plac[ed] it in the

---

[6] The PSR contains a fuller description of the events on March 7: (1) after its search, law enforcement placed serchie powder on the pseudo-methamphetamine packaging; (2) after Defrancia removed the pail from the locker, he examined the pseudo-methamphetamine, placed the pale in his truck, and drove away; (3) he was then stopped by law enforcement, where he denied knowledge of the content of the pale; and (4) he was also found to have serchie powder on his palms and fingers post arrest. PSR ¶¶ 10-12.

trash, and then plac[ed] the pale (sic) inside his vehicle." Tr. at 12-13. In short, he knowingly possessed the pail. Further, Defrancia's claim that his counsel "allowed the Government to constructively amend the indictment in order to get the Petitioner an increased sentence," Pet'r's Supp. Mem. at 14, is likewise simply wrong. He appears to argue that, because law enforcement removed some of the methamphetamine from the pail, he should only have been charged with the amount of methamphetamine left in the pail. But there is simply no support for this claim. At his guilty plea, Defrancia admitted that he possessed the methamphetamine in the pail. And he does not obtain relief for the amount of methamphetamine that law enforcement removed from the pail prior to his arrest.

But even absent the guilty plea, Defrancia simply does not raise the sort of arguments that undermine his guilt. Mistakes in the state-issued search warrant, for example, are simply not relevant to factual innocence. And whether the search warrant neglected to state that the CI was in the United States illegally and was working with the Maui Police Department to avoid removal from the country is again not material to factual innocence. Even if true, these facts fail to support a claim of actual innocence.

# IV. <u>CONCLUSION</u>

Defrancia's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence By a Person in Federal Custody is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 22, 2017.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Defrancia v. United States*, Cr. No. 12-00252 JMS and Civ. No. 16-00374 JMS-RLP; Order Dismissing Section 2255 Petition